IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Tina S., | ) |
|     *Plaintiff*, | ) ) ) Case No. 3:21-cv-50167 |
| v. | ) ) Magistrate Judge Lisa A. Jensen |
| Kilolo Kijakazi, Acting Commissioner of Social Security,[1] | ) ) ) |
|     *Defendant*. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tina S. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying her applications for a period of disability, disability insurance benefits, and supplemental security income.[2] For the reasons set forth below, the Commissioner's decision is affirmed.

**I. Background**

On September 28, 2018, Plaintiff filed an application for a period of disability and disability insurance benefits and an application for supplemental security income. R. 177, 179. In both applications, Plaintiff alleged that she suffers from fibromyalgia, with an onset date of March 1, 2015. R. 54–55, 66. After Plaintiff's initial claims were denied on January 17, 2019, she requested reconsideration, alleging new diagnoses of depression and generalized anxiety disorder dating from November 2018. R. 76, 87. Plaintiff's claims were denied on December 10, 2019, and she requested a hearing on December 19, 2019. R. 13. In May 2020, Plaintiff purportedly fell down her basement stairs and injured the rotator cuff of her left shoulder. R. 977–78.

A remote hearing on both of Plaintiff's applications was held before an Administrative Law Judge (ALJ) on October 28, 2020. R. 13. Plaintiff described her previous jobs as a grocery store bakery clerk and an animal caretaker at an animal shelter. R. 36–37. Plaintiff testified that she has problems using her hands, lifting, and reaching, particularly on her left side, due to her medical conditions. R. 39, 42–43.

An independent vocational expert (VE) also testified, classifying Plaintiff's bakery clerk job as Dictionary of Occupational Titles (DOT) code 290.477-018. R. 45. The VE explained that, as performed in the national economy, the job has a physical exertion level of light work, although

---

[1] Kilolo Kijakazi has been automatically substituted for Andrew Saul pursuant to Fed. R. Civ. P. 25(d).
[2] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 5.

Plaintiff performed the job at the medium work level. R. 45; *see* 20 C.F.R. § 404.1567 (describing physical exertion requirements). The VE classified Plaintiff's animal caretaker job as DOT code 410.674-010, with an exertion level of medium work as performed in the national economy and by Plaintiff. R. 45.

The ALJ asked the VE to consider a hypothetical individual with a residual functional capacity (RFC) that included, among other restrictions, a "[m]anipulative limitation of occasional use of the left upper extremity for overhead reaching." R. 46. The VE explained that the hypothetical individual would not be able to return to the animal caretaker position yet could return to the bakery clerk position "as generally performed in the national economy," but not as performed by Plaintiff. R. 46. The VE noted that "the DOT doesn't provide an opinion on specifically overhead reaching" but he made his determination "based on occupational employment survey data." R. 46. At the conclusion of his testimony, the VE reiterated that he applied his "professional experience and interpretation of the occupational requirement survey data that's published by the United States Department of Labor" and that his testimony was consistent with the DOT unless he explained otherwise. R. 51.

The ALJ issued a written decision on November 9, 2020, finding that Plaintiff was not disabled under the relevant sections of the Social Security Act. R. 26. The ALJ found that Plaintiff's fibromyalgia, rotator cuff impingement syndrome, and psychiatric disorders were severe impairments. R. 15. The ALJ's RFC determination matched the initial hypothetical posed to the VE, limited to light work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except postural limitation of no climbing of ladders, ropes, or scaffolds. Frequent climbing of ramps and stairs. Frequent stooping, kneeling, crouching and crawling. Frequent use of the bilateral lower extremities for operation of foot controls. Manipulative limitation of occasional use of the left upper extremity for overhead reaching. Frequent use of the bilateral upper extremities for other reaching, handling, and fingering. Environmental limitation to avoid concentrated exposure to hazards, such as dangerous moving machinery and unprotected heights. Work limited to simple, routine, and repetitive tasks in a work environment free from fast paced production requirements, such as moving assembly lines and conveyor belts, involving only work related decisions, with few if any work place changes.

R. 18 (boldface deleted).

The ALJ found at step four that Plaintiff could return to her past relevant work as a bakery clerk as performed in the national economy, R. 24, and alternatively found at step five that a significant number of jobs existed in the national economy that Plaintiff could also perform, R 24–25.

After the Appeals Council denied Plaintiff's request for review on February 24, 2021, R. 1, Plaintiff filed the instant action. Dkt. 1.

## II. Legal Standard

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (quoting *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

## III. Discussion

Plaintiff makes the following arguments: (1) the ALJ erred in finding that Plaintiff's ability to perform activities of daily living (ADLs) meant that she was cable of performing light exertional work, (2) the ALJ failed to comply with the Commissioner's policies in evaluating the severity of Plaintiff's fibromyalgia, and (3) the VE misclassified Plaintiff's past relevant work. Pl.'s Mot. at 1, Dkt. 16.

### A. The Subjective Symptoms Evaluation

Plaintiff argues that the ALJ erred by discounting the severity of her symptoms "partially due to her ability to perform activities of daily living." Pl.'s Mot. at 3, Dkt. 16. Plaintiff contends that "[i]t has long been understood by the 7th Circuit and other courts that activities of daily living do not always translate into an ability to perform full time work." *Id.* at 4. The Commissioner responds that "[t]here was nothing improper with the ALJ's consideration of [P]laintiff's daily activities, which included preparing simple meals, doing housework, shopping, managing her medications, and acting as the primary care provider for her parents." Def.'s Resp. at 3, Dkt. 20.

The Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017). "[P]atently wrong . . . means that the decision lacks any explanation or support." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014). Here, the ALJ gave several reasons to support his subjective symptoms evaluation. The ALJ pointed to Plaintiff's activities of daily living as evidence that her limitations were not as severe as she claimed. Activities of daily living are a necessary and proper factor for the ALJ to consider in a subjective symptoms evaluation. 20 C.F.R. § 404.1529(c)(3)(i) (listing daily activities as first relevant factor); *see Grotts v. Kijakazi*, 27 F.4th 1273, 1279 (7th Cir. 2022) (noting ADLs are properly considered in subjective symptoms evaluation).[3] In addition, the ALJ

---

[3] In her reply, Plaintiff attempts to distinguish *Grotts* because a portion of the opinion examined medical evidence based on the since-repealed treating physician rule. Pl.'s Reply at 1, Dkt. 21; *see Grotts*, 27 F.4th at 1276–78. However, the portion of *Grotts* relevant to this discussion analyzed "Grotts's subjective

3

pointed to several inconsistencies between Plaintiff's alleged symptoms and the other record evidence. R. 22. For instance, Plaintiff testified that she could not button her shirt, R. 39, but a nurse practitioner "did not note any difficulty" when Plaintiff demonstrated the task during an examination, R. 1034. In addition, the ALJ noted that although Plaintiff testified that she could not even lift an eight-pound gallon of milk with both hands, R. 42–43, medical evidence showed that that she had normal strength, sensation, and reflexes with only occasional muscle spasms.[4] R. 22, 24. Such inconsistencies are also relevant to an ALJ's subjective symptoms evaluation. *See Grotts*, 27 F.4th at 1279 (inconsistencies with testimony and medical evidence); *Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015) (inconsistencies within claimant's testimony). Ultimately, because the ALJ gave multiple examples to support his subjective symptoms evaluation, it was not patently wrong.[5]

## B. The Commissioner's Policies Regarding Fibromyalgia

Plaintiff argues that the ALJ failed to comply with the Commissioner's policies in evaluating Plaintiff's fibromyalgia. Pl.'s Mot. at 7–8, Dkt. 16. The Commissioner's key policy regarding fibromyalgia is SSR 12-2p, 2012 WL 3104869 (S.S.A. July 25, 2012). This policy focuses primarily on how an ALJ should evaluate whether fibromyalgia is a medically determinable impairment (MDI). *See, e.g.*, *Thomas v. Colvin*, 826 F.3d 953, 958–59 (7th Cir. 2016) (per curiam). As the Commissioner notes, Plaintiff does not explain *how* the ALJ erred in applying SSR 12-2p. Def.'s Resp. at 2, Dkt. 20. Plaintiff's omission is critical because the ALJ determined not just that her fibromyalgia was an MDI but also a *severe* impairment R. 15–16. Once the ALJ made this determination, he was only required to apply the usual five-step process "[a]s with any adult claim for disability benefits." SSR 12-2p, 2012 WL 3104869, at *5; *see Thompson v. Colvin*, 575 F. App'x 668, 677 (7th Cir. 2014) (unpublished) (upholding denial of benefits when ALJ "assessed [the claimant's] functional capacity based on her limited physical capabilities" from severe impairment of fibromyalgia). Because the ALJ did all that was required under the Commissioner's policies, the Court finds no error on this ground. *See Thompson*, 575 F. App'x at 677 (diagnosis of fibromyalgia alone "does not entitle [a claimant] to benefits").

Plaintiff also argues that "the Commissioner's decision lacks adequate discussion of the issues." Pl.'s Mot. at 7, Dkt. 16 (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th

---

complaints about her symptoms" and did not involve medical evidence or the treating physician rule. *Id.* at 1278–80 (applying current version of 20 C.F.R. § 404.1529(c)(3)(i)).

[4] Plaintiff makes a brief reference to an opinion from Dr. Jen Joseph that Plaintiff "could lift less or carry less than ten pounds" and asserts that "the ALJ does not state why [he] did not include this limitation in either his RFC or his hypotheticals to the vocational expert." Pl.'s Mot. at 4, Dkt. 16. Mere assertions without argument do not preserve claims. *Garza v. Kijakazi*, No. 21-2164, 2022 WL 378663, at *3 (7th Cir. Feb. 8, 2022) (unpublished) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Moreover, the ALJ's determination that the medical evidence did not support Plaintiff's statements regarding her diminished ability to lift also explains why Dr. Joseph's opinion on Plaintiff's lifting restrictions are unsupported by the medical record.

[5] Plaintiff suggests that the ALJ should have called a testifying physician to determine the severity of Plaintiff's symptoms. Pl.'s Mot. at 4–6, Dkt. 16. Again, this assertion without argument does not preserve a claim of error. *Garza*, 2022 WL 378663, at *3. In any event, the decision whether to call a medical expert is within the ALJ's discretion, and the record contained "ample evidence" on which the ALJ relied. *Jesus P. v. Saul*, No. 19 C 2271, 2020 WL 3268515, at *10 (N.D. Ill. June 17, 2020).

Cir. 2005)). This statement rings hollow given the ALJ's extensive analysis of Plaintiff's symptoms. R. 18–24. As required by SSR 12-2p, the ALJ discussed Plaintiff's symptoms and testimony regarding fibromyalgia over her several years of treatment. *See* SSR 12-2p, 2012 WL 3104869, at *6 (requiring analysis of "longitudinal record"); *Gebauer v. Saul*, 801 F. App'x 404, 410 (7th Cir. 2020) (unpublished) (finding no error when ALJ's opinion "when taken as a whole" considered all symptoms of fibromyalgia). Contrary to Plaintiff's claim that the ALJ "simply summarize[d] a handful of [Plaintiff's] medical records," Pl.'s Reply at 3, Dkt. 21, the ALJ's weighing of the objective medical evidence, described above, provided the Court "with enough detail and clarity to permit meaningful appellate review." *Briscoe*, 425 F.3d at 351; *see also Gedatus*, 994 F.3d at 900–01 (finding "summaries [we]re appropriate" when ALJ "considered and narrated [Plaintiff's] medical past at length, as well as her testimony and the state-agency physicians' opinions"). Remand is not warranted on this basis.

### C. Classification of Plaintiff's Past Relevant Work

Plaintiff argues that the VE failed to properly classify Plaintiff's past relevant work by considering the job "light" instead of "medium." Pl.'s Mot. at 9, Dkt. 16. While Plaintiff was performing the bakery clerk job at the medium exertional level, the ALJ explicitly held that Plaintiff could return to the bakery clerk job *as it is performed in the national economy (light exertion)*. There is nothing improper with this finding. 20 C.F.R. § 404.1560(b)(2). Moreover, Plaintiff mistakenly argues that this bakery clerk position was the only job that the VE opined Plaintiff could return to. At step five, the ALJ also found that there were a significant number of jobs in the national economy that Plaintiff could perform including Cashier II, Routing Clerk, and Cleaner Housekeeper. R. 25. Thus, even assuming the ALJ erred at step four, Plaintiff does not challenge the ALJ's alternative holding at step five, making any alleged error on this point harmless. *Rodolfo G. v. Kijakazi*, No. 19 CV 3937, 2022 WL 507589, at *11 (N.D. Ill. Feb. 18, 2022) (collecting cases); *see also Butler v. Kijakazi*, 4 F.4th 498, 504–05 (7th Cir. 2021) (error is harmless when court "can predict with great confidence what the result of remand will be").

### D. Deviation Between the VE's Testimony and the DOT

Finally, Plaintiff alleges that the ALJ should have resolved an apparent conflict between the VE's testimony and the DOT, which does not include limitations on overhead reaching applicable to only one arm. Pl.'s Mot. at 9, Dkt. 16. The Commissioner responds that Plaintiff's challenge is waived because Plaintiff's counsel "fail[ed] to ask any questions at the hearing to reveal shortcomings in [the VE's] opinion. Def.'s Resp. at 6, Dkt. 20 (citing *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002)). While Plaintiff correctly notes that the Seventh Circuit has established an exception to the waiver rule when "conflicts were obvious enough that the ALJ should have picked up on them without any assistance," *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008); SSR 00-4p, 2000 WL 1898704, at *4 (S.S.A. Dec. 4, 2000) (imposing affirmative duty for ALJs to "obtain a reasonable explanation for the apparent conflict"), she does not explain how or why there was an apparent conflict here. As the Commissioner correctly points out in this case, the VE "specifically noted the absence of overhead reaching limitations in the DOT descriptions." Def.'s Resp. at 5, Dkt. 20. The absence of information in the DOT does not in and of itself create a conflict with the DOT. SSR 00-4p, 2000 WL 1898704, at *4; *Ketelboeter v. Astrue*, 550 F.3d 620, 626 (7th Cir. 2008) (finding no apparent conflict when DOT description did

not support job requirement of "frequent overhead reaching"); *Eric D. v. Kijakazi*, No. 3:21-CV-50365, 2022 WL 3543499, at *2 (N.D. Ill. Aug. 18, 2022) (finding "no apparent conflict where the DOT does not address the specific issue" (quoting *Plummer v. Berryhill*, No. 3:16-CV-615-MGG, 2017 WL 4416838, at *3 (N.D. Ind. Oct. 4, 2017))). "Because plaintiff failed to raise any conflict at the administrative hearing and failed to argue any obvious conflict on appeal, the ALJ was entitled to rely on the VE's uncontradicted testimony." *Cynthia T. v. Saul*, No. 18 CV 50288, 2020 WL 564223, at *5 (N.D. Ill. Feb. 5, 2020).[6]

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is denied, the Commissioner's motion is granted, and the ALJ's decision is affirmed.

Date: August 26, 2022      By: _/s/ Lisa A. Jensen_
                               Lisa A. Jensen
                               United States Magistrate Judge

---

[6] Even assuming an apparent conflict existed, the ALJ received a reasonable explanation. When the VE was asked to address the issue, he said his opinion was "based on occupational employment survey data, as the DOT doesn't provide an opinion on specifically overhead reaching," R. 46. Later, the VE reiterated that he applied his professional experience and survey data from the U.S. Department of Labor and that his testimony was consistent with the DOT unless he stated otherwise. R. 51.